UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CASTRO, | No. 1:15-cv-00331-KJM-GSA |
| Plaintiff, | |
| v. | ORDER |
| LINCOLN GENERAL INSURANCE COMPANY, | |
| Defendant. | |

This matter is before the court on the motion by defendant Lincoln General Insurance Company to dismiss plaintiff Martha Castro's complaint. (ECF No. 7.) Plaintiff opposes the motion. (ECF No. 14.) The court held a hearing on the matter on May 8, 2015. Robert Williams and Marla Garcia appeared for plaintiff, and Jonathan Carlson appeared for defendant. After having considered the parties' briefs, record, and arguments at the hearing, the court SEVERS and STAYS plaintiff's claim for breach of the implied covenant of good faith and fair dealing and DIRECTS the parties to file a stipulation as to plaintiff's claim for declaratory relief.

I.     BACKGROUND

Defendant issued commercial automobile insurance policy number 63100408101 (the Policy), naming FM Diaz Construction, Inc. as the insured. (ECF No. 1, Ex. A, Compl. ¶ 4.) The Policy provided for underinsured motorist coverage in the amount of $1,000,000. (*Id.* ¶ 5.)

1

1  The Policy provided coverage for a 2006 Chevrolet Colorado (VIN number
2  1GCCS136668125916) for the period of June 1, 2007 through June 1, 2008.  (*Id.*)

3  On November 1, 2007, plaintiff was involved in a car accident in Fresno,
4  California, caused by one Manuel Reyes.[1]  (*Id.* ¶ 6.)  At that time, plaintiff was operating the
5  insured vehicle noted above (*id.*) and was in the scope of her employment with FM Diaz (*id.* ¶ 7).
6  After the accident, plaintiff filed a workers' compensation claim for injuries she sustained in the
7  accident.[2]  (*Id.* ¶ 9.)  Subsequently, the State Compensation Insurance Fund (SCIF), the workers'
8  compensation insurer of FM Diaz, notified American Commercial Management (ACM), the third
9  party administrator for defendant, that SCIF had a subrogation claim for any benefits to which
10 plaintiff might be entitled.  (*Id.*)  On November 7, 2007, ACM acknowledged the claim and
11 confirmed that uninsured and underinsured coverage was available for the loss.  (*Id.*)

12 On October 21, 2008, plaintiff put ACM on notice of representation and asked for
13 available coverage for the underlying accident.  (*Id.* ¶ 10.)  On September 9, 2009, Mr. Reyes'
14 insurance carrier, Infinity Insurance, offered its policy limits to settle plaintiff's claim.  (*Id.* ¶ 11.)
15 On September 30, 2009, plaintiff notified ACM that Infinity Insurance had tendered the policy
16 limits of $15,000 to settle the claim.  (*Id.* ¶ 12.)  On October 15, 2009, plaintiff settled that claim
17 against Mr. Reyes for the available $15,000.  (*Id.* ¶ 14.)  On February 26, 2013, plaintiff settled
18 her workers' compensation claim.  (*Id.* ¶ 15.)  Accordingly, plaintiff made a demand for
19 underinsured motorist benefits to defendant, but received no response.  (*Id.* ¶¶ 16–17.)  Plaintiff
20 served defendant with a notice of institution of arbitration and the parties then engaged in
21 arbitration.  (*Id.* ¶¶ 17–18.)

22 Plaintiff commenced this action in the Fresno County Superior Court on January 9,
23 2015, alleging two claims: (1) breach of the implied covenant of good faith and fair dealing and
24 (2) declaratory relief.  (*See generally* Compl.)  Defendant subsequently removed the case on
25 March 3, 2015, asserting diversity-of-citizenship jurisdiction.  (ECF No. 1.)  Defendant now

---

[1]  The parties' filings refer to this individual by the last name Reyes and Reyna.  Future filings should clarify the correct last name.

[2]  The workers' compensation case number is ADJ6614150.  (Compl. ¶ 9.)

moves to dismiss plaintiff's complaint. (ECF No. 7.) Plaintiff opposes the motion (ECF No. 14), and defendant has replied (ECF No. 15).

## II.     JUDICIAL NOTICE

Defendant requests that this court judicially notice the complaint filed in *Martha Castro v. Lincoln General Insurance Company*, commenced in the Fresno County Superior Court, case number 15-CECG-00091. (ECF No. 8, Ex. A.) Plaintiff does not oppose defendant's request. The court need not take judicial notice of that complaint because the same complaint is attached to defendant's notice of removal, which is filed on the docket of the instant case. In ruling on defendant's motion, the court can rely on the filings made in the case before it.

## III.    MEET AND CONFER EFFORTS

From the parties' briefing, it is clear they have not exhausted their meet and confer efforts. This case was transferred from this court's Fresno division, and this court's Standing Order requiring certification of meaningful meet and confer efforts was not issued until after defendant had filed the instant motion. The court cautions the parties, however, that they may face sanctions for future failures to comply with this court's Standing Order.

## IV.    DISCUSSION

### A. First Claim: Breach of the Implied Covenant of Good Faith and Fair Dealing

At the hearing, the court and the parties discussed the practical implications of staying this claim while plaintiff's declaratory claim is litigated. To prevent plaintiff from paying another filing fee, the court elects to stay plaintiff's first claim, rather than dismiss it in accordance with the terms of the parties' stipulation. Accordingly, the court hereby SEVERS and STAYS plaintiff's claim for breach of the implied covenant of good faith and fair dealing until a final judgment is entered as to plaintiff's claim for declaratory relief.

### B. Second Claim: Declaratory Relief

At the hearing, the parties stated they could reach a stipulation to stay the arbitration pending the outcome of the declaratory relief claim and toll any statute of limitations pertaining to commencement and completion of arbitration. The parties are hereby ordered to meet and confer and file their stipulation and proposed order within seven (7) days from the date

of this order. The parties are also directed to submit a proposed schedule for motion practice along with their stipulation.

        IT IS SO ORDERED.

DATED: May 15, 2015.

                              UNITED STATES DISTRICT JUDGE